# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **LARRY THIRSTY et al** | **PLAINTIFFS** |
| **V.** | **CASE NO. 4:05CV5** |
| **CLARK SAND COMPANY, et al** | **DEFENDANT** |

## ORDER

This cause comes before the court on its own motion staying this case pending MDL transfer. On February 9, 2004, plaintiffs filed suit in the Circuit Court of Washington County against many of the same defendants involved in the instant case, seeking recovery for injuries which allegedly resulted from exposure to products containing silica. This original action was subsequently removed to federal court and transferred to an MDL court in Corpus Christi, Texas, where it is presently pending before U.S. District Judge Janis Graham Jack. While this original action was stayed pending MDL transfer, plaintiffs developed concerns regarding changes in Mississippi tort law which were to become effective on September 1, 2004. In light of these pending changes, plaintiffs felt it desirable to file an amended complaint, but they were apparently barred by the aforementioned stay from doing so. As a result, on August 31, 2004, plaintiffs filed this separate action in Washington County Circuit Court, and defendants removed the case to this court.

Plaintiffs concede that this action asserts claims which are essentially identical to those pending before Judge Jack in Texas, although they note that this action does involve some additional plaintiffs and defendants. Indeed, in response to defendants' motion to dismiss this action as duplicative, plaintiffs assert that they "do not wish to prosecute duplicative actions any more than

1

the defendants wish to defend them." Nevertheless, plaintiffs argue that filing this separate action was necessary due to the fact that defendants refused to consent to an amendment of the original complaint.

Plaintiffs assert that they are in "procedural limbo" due to the fact that Judge Jack has expressed her view in open court that federal jurisdiction is likely lacking in the original action, but a motion to remand has not actually been entered in that case. In support of this assertion, plaintiffs have included an excerpt from a February 18, 2005 hearing in which Judge Jack strongly suggested that a motion to remand would be forthcoming:

> Judge Jack: If I do have jurisdiction, then there will be another avenue. Then I can start looking at the dispositive motions. Frankly, from looking at the Defendant's jurisdictional briefs, I think 3M has even said, I don't think you've got jurisdiction -- almost. Close. And I think the other Defendants are nominally putting up a fight on jurisdiction. So I'm going to tell you probably what to expect.
> Mr. Krutz: We're fighting as hard as we can on it, Your Honor.
> Judge Jack: I appreciate it, but the fight may be over. But I wanted to give you this one forum, in case I don't have jurisdiction, in one place to make these hearings applicable to every single Plaintiff that's in this MDL.

While the court recognizes the unusual procedural posture of this case, it seems highly likely that there was some more judicially economical manner for the parties to resolve their disputes than by filing and subsequently removing this case.

It appears that this action is judicially wasteful and/or procedurally questionable on multiple levels, both in regards to the initial filing of the lawsuit and in regards to the decision to remove it. While the court is not interested in assigning blame in this regard, it does encourage the parties to attempt to resolve their disputes in a manner which is less burdensome to the state and federal court systems. Based upon Judge Jack's comments, it appears that the litigation of this case will likely take place in state court once a ruling on the motion to remand has been

2

made.

Regardless, it is clear that this lawsuit involves claims as to which MDL transfer is appropriate, and the court trusts that this case will, in fact, be transferred as soon as practicable. Once this has occurred, Judge Jack may consider the parties' actions in filing and removing this case, assuming that they have not amicably resolved their differences prior to this time. In the meantime, the court concludes that considerations of judicial economy would be advanced by the entry of a stay in this matter. This stay will not, of course, preclude the parties from attempting to resolve the disputed procedural issues in this case amicably, and the court strongly encourages them to do so.

In light of the foregoing, it is ordered that this case is stayed pending MDL transfer.

This is the 5th day of May, 2005.

                         **/s/ Michael P. Mills**
                         **UNITED STATES DISTRICT JUDGE**